UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

T's WIRELESS, LLC, and TAREK
SHEHADEH,

                Plaintiffs,

   v.

CITY OF SYRACUSE, JAKE DISHAW,
and BEN WALSH,

                Defendants.

Civil Action No.: 5:23-cv-01444
       (DNH/TWD)

---

## ANSWER TO AMENDED COMPLAINT

    Defendants City of Syracuse ("City"), Jake Dishaw, and Ben Walsh (collectively, "Defendants") as their answer to Plaintiff T's Wireless, LLC, and Plaintiff Tarek Shehadeh (collectively "Plaintiffs") Amended Complaint ("Amended Complaint"), state as follows:

    1.    Paragraph "1" of the Amended Complaint does not contain factual allegations against Defendants, and, therefore, does not require a response. To the extent that a response is required, Defendants **DENY** the allegations contained in Paragraph "1" of the Amended Complaint, and all subparagraphs and incorporated attachments enumerated there below as Exhibits "A" through "R."

    2.    Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "2" of the Amended Complaint.

    3.    Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "3" of the Amended Complaint.

1

4. Defendants **ADMIT** the allegations contained in Paragraph "4" of the Amended Complaint.

5. Defendants **ADMIT** the allegations contained in Paragraph "5" of the Amended Complaint.

6. Defendants **ADMIT** the allegations contained in Paragraph "6" of the Amended Complaint.

7. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "7" of the Amended Complaint.

8. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "8" of the Amended Complaint.

9. Defendants **DENY** the allegations contained in Paragraph "9" of the Amended Complaint.

10. Defendants **DENY** the allegations contained in Paragraph "10" of the Amended Complaint.

11. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "11" of the Amended Complaint.

12. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "12" of the Amended Complaint.

13. Defendants **DENY** the allegation "[a]lmost exactly 24 hours after Mayor Walsh's 'inspection,' " contained in Paragraph "13" of the Amended Complaint, and Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the remaining allegations contained in Paragraph "13" of the Amended Complaint.

14. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "14" of the Amended Complaint.

15. Defendants **DENY** the allegations contained in Paragraph "15" of the Amended Complaint.

16. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "16" of the Amended Complaint.

17. Defendants **DENY** the allegations contained in Paragraph "17" of the Amended Complaint.

18. Defendants **DENY** the allegations contained in Paragraph "18" of the Amended Complaint.

19. Defendants **DENY** the allegations contained in Paragraph "19" of the Amended Complaint.

20. Defendants **DENY** the allegations contained in Paragraph "20" of the Amended Complaint.

21. Defendants **DENY** the allegations contained in Paragraph "21" of the Amended Complaint.

<u>**FIRST CAUSE OF ACTION:**</u>
<u>**INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT**</u>

22. Defendants **REPEAT AND REALLEGE** the admissions and denials as set forth above in response to Paragraph "22" of the Amended Complaint.

23. Defendants **DENY** the allegations contained in Paragraph "23" of the Amended Complaint.

24. Defendants **DENY** the allegations contained in Paragraph "24" of the Amended Complaint.

25. Defendants **DENY** the allegations contained in Paragraph "25" of the Amended Complaint.

26. Defendants **DENY** the allegations contained in Paragraph "26" of the Amended Complaint.

27. Defendants **DENY** the allegations contained in Paragraph "27" of the Amended Complaint.

28. Defendants **DENY** the allegations contained in Paragraph "28" of the Amended Complaint.

29. Defendants **DENY** the allegations contained in Paragraph "29" of the Amended Complaint.

30. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief about the truth of the allegations contained in Paragraph "30" of the Amended Complaint.

31. Defendants **DENY** the allegations contained in Paragraph "31" of the Amended Complaint.

### SECOND CAUSE OF ACTION: VIOLATION OF PLAINTIFFS' EQUAL PROTECTION RIGHTS

32. Defendants **REPEAT AND REALLEGE** the admissions and denials as set forth above in response to Paragraph "32" of the Amended Complaint.

33. Defendants **DENY** the allegations contained in Paragraph "33" of the Amended Complaint.

34. Paragraph "34" of the Amended Complaint need not be answered because it asserts a legal conclusion and does not contain factual allegations against Defendants. However, to the extent that a response is required, Defendants **DENY** the truth of the allegations set forth in Paragraph "34" of the Amended Complaint.

35. Defendants **DENY** the allegations contained in Paragraph "35" of the Amended Complaint.

### THIRD CAUSE OF ACTION:
### VIOLATION OF PLAINTIFFS' DUE PROCESS RIGHTS

36. Defendants **REPEAT AND REALLEGE** the admissions and denials as set forth above in response to Paragraph "36" of the Amended Complaint.

37. Paragraph "37" of the Amended Complaint need not be answered because it asserts a legal conclusion and does not contain factual allegations against Defendants. However, to the extent that a response is required, Defendants **DENY** the truth of the allegations set forth in Paragraph "37" of the Amended Complaint.

38. Paragraph "38" of the Amended Complaint need not be answered because it asserts a legal conclusion and does not contain factual allegations against Defendants. However, to the extent that a response is required, Defendants **DENY** the truth of the allegations set forth in Paragraph "38" of the Amended Complaint.

39. Defendants **DENY** the allegations contained in Paragraph "39" of the Amended Complaint.

### FOURTH CAUSE OF ACTION:
### DEFAMATION

40. Defendants **REPEAT AND REALLEGE** the admissions and denials as set forth above in response to Paragraph "40" of the Amended Complaint.

41. Defendants **DENY** the allegations contained in Paragraph "41" of the Amended Complaint.

42. Defendants **DENY** the allegations contained in Paragraph "42" of the Amended Complaint.

43. Defendants **DENY** the allegations contained in Paragraph "43" of the Amended Complaint.

44. To the extent that any purported attachments and/or exhibits to the Amended Complaint (or after page 13 of the filing under Docket Number 2)[1], including the Affidavit of Tarek Shehadeh and Affirmation of Brady J. O'Malley, require a response as part of the Amended Complaint, Defendants **DENY** the truth of the allegations set forth in them, or pages 14 through 134 of Docket Number 2.

## GENERAL DENIAL

45. Defendants **DENY** all other allegations not specifically admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. Any damages alleged to have been sustained by Plaintiffs were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiffs and not by any culpable conduct on behalf of Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Some or all of the Plaintiffs' claims for compensatory and punitive damages are barred by applicable state and federal law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Plaintiffs have failed to state a claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

---

[1] All page numbers referred herein regarding Docket Number 2 in the above-captioned matter, i.e., the Amended Complaint, are those stamped in the header of Docket Number 2 by filing in the CM/ECF NextGen system for the U.S. District Court for the Northern District of New York.

49. Plaintiffs' pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a claim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. Some or all of Plaintiffs' causes of action are barred by their complete failure to comply with §§50-e, 50-h and 50-i—and generally Article IV—of N.Y. GENERAL MUNICIPAL LAW, and/or Syracuse City Charter § 8-115.

52. Plaintiffs failed to serve Notice(s) of Claim relative to some or all of the claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. To the extent Plaintiffs have failed to mitigate Plaintiffs' damages, Plaintiffs' claims for damages are diminished or barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. Some or all of the Plaintiffs' claims are barred because the Plaintiffs failed to exhaust their administrative remedies and/or meet conditions precedent to the commencement of this action as required by law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. Any and all acts of Defendants and/or any agents or employees of the Defendants were reasonable, justified, and in accordance with the law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. Any alleged violation of Plaintiffs' U.S. or New York State Constitutional rights were not the proximate cause of Plaintiffs' injuries and/or damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiffs have no legal or factual basis for injunctive relief or declaratory relief.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

58. Some or all of Plaintiffs' claims, in whole or in part, fail based on a lack of personal involvement by a named Defendant in the alleged violations and or causes of action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. Any and all methods used by Defendants to cite, placard, and close Plaintiffs were privileged, reasonable, and necessary.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

60. If Plaintiff sustained any damages as alleged in the Amended Complaint through any acts or omissions other than those of Plaintiffs', such damages were caused solely by the negligence and/or culpable conduct of a third person or persons over whom the Defendants had no control and without negligence on the part of Defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

61. At all times relevant to this action, all acts of Defendants and Defendants' agents were justified and in accordance with the discharge of their lawful responsibilities.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

62. The Amended Complaint fails to state specific acts of conduct attributable to the Defendants that gives rise to liability pursuant to 42 U.S.C. §1983.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendants.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

64. If the Plaintiffs suffered any injury or damage, such injury or damage was caused in whole or in part by a third-party acting outside the scope of third-party's employment.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

65. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse are protected by qualified immunity.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

66. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse are protected by absolute immunity.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

67. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse are protected by governmental immunity and/or qualified privilege.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

68. Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiffs' state and/or federally protected rights, or the general public's rights and safety.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

69. Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent, or extreme and outrageous.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

70. Plaintiffs have failed to name or join a necessary or indispensable party without whom relief may not be granted.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

71. The Court has not obtained personal jurisdiction over Defendants named in this action because Plaintiff failed to effectuate personal service of the Supplemental Summons and Amended Complaint.

72. Upon information and belief, service of process was insufficient and/or defective.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

73. Plaintiffs' action is barred by res judicata and/or collateral estoppel.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

74. Upon information and belief, Defendants' and/or its agents' actions were in the course of their duties, were justified and in accordance with the law and not for any retaliatory and/or retributive purpose, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

75. Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse, and any claimed defamatory statements by Defendants, are protected by and subject to the qualified common interest privilege.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

76. Plaintiffs' own negligent, illegal, and/or culpable conduct was the actual and proximate cause of Plaintiffs' alleged injuries and/or damages.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

77. Plaintiffs' claims are barred to the extent that Plaintiffs' injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

78. Plaintiffs' requests for preliminary injunctive relief, or requests for expedited relief pursuant to a summary or special proceeding, within the Amended Complaint are not properly before this Court *and* without statutory or legal basis. Therefore, such relief shall not be granted during the pendency of this civil action.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

79. Upon information and belief, Plaintiffs' allegations supporting their cause(s) of action are directly contradicted and/or are inconsistent with his pleadings in his Amended Complaint.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

80. The Amended Complaint fails to allege the existence of a custom, policy or procedure of the City of Syracuse, or any of the Defendants, which give rise to liability pursuant to 42 U.S.C. §1983.

81. Defendant City of Syracuse does not maintain a policy, custom or practice that allegedly violated Plaintiffs' civil rights.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

82. Upon information and belief, at all relevant times, Defendants and/or Defendants' agents acted in accordance with the constitutional policies, customs and practices, and in accordance with all local, state, and federal laws, regulations, and constitutions.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

83. None of the exhibits, affidavits, or affirmations attached to the Amended Complaint are properly incorporated therein, and, therefore, shall be disregarded.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

84. Some or all of Plaintiffs' requests for damages and/or relief have no legal or factual basis in statutory and/or common law.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

85. Plaintiffs failed to meet the timing requirements set forth in Section 8-115 of the Charter of the City of Syracuse.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

86. Defendants' actions at all times were neither arbitrary nor capricious.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

87. Plaintiffs lack a private right of action under the claimed violations of the New York State Constitution.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

88. The Court lacks subject matter jurisdiction over the matter.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

89. Upon information and belief, one or both of the Plaintiffs lack standing.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

90. Upon information and belief, one or both of the Plaintiffs is not the real party in interest.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

91. Upon information and belief, some or all of Plaintiffs' claims and/or requests for relief are preempted by federal law.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

92. Plaintiffs' equitable claims fail because there is an adequate remedy at law.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

93. Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

94. Plaintiffs have pleaded equitable claims or have sought equitable remedies that are inconsistent with their legal claims and remedies and thus the claims are barred by the doctrine of election of remedies from pursuing both, and must therefore make a timely election.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

95. There is no case or controversy sufficient to justify a declaratory judgment claim.

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

96. Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this case.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with costs, disbursements, attorney's fees and for such other and further relief as to the Court may deem just and proper.

Dated: January 19, 2024  
Syracuse, New York

SUSAN R. KATZOFF, ESQ.  
CORPORATION COUNSEL-CITY OF SYRACUSE  
*Counsel for Defendants*  
233 East Washington Street  
Syracuse, New York 13202  
Tel No.: (315) 448-8400

By: */s/ Todd M. Long*  
Todd M. Long, Esq.  
Danielle B. Pires, Esq.  
Assistant Corporation Counsel

## **CERTIFICATE OF SERVICE**

I declare under the penalty of perjury that I served the foregoing Answer by electronically filing with the Clerk of the Court herein, which is understood to have sent notification of such filing electronically to all counsels of record *via* CM/ECF NextGen in N.D.N.Y. for the above captioned case.

Dated: January 19, 2024　　　　　　　　　　　SUSAN R. KATZOFF, ESQ.
Syracuse, New York　　　　　　　　　　　　　CORPORATION COUNSEL-CITY OF SYRACUSE

　　　　　　　　　　　　　　　　　By:　*/s/ Todd M. Long*
　　　　　　　　　　　　　　　　　　　　Todd M. Long, Esq.
　　　　　　　　　　　　　　　　　　　　Senior Corporation Counsel
　　　　　　　　　　　　　　　　　　　　Bar Roll No. 519301
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　　300 City Hall
　　　　　　　　　　　　　　　　　　　　Syracuse, New York 13202
　　　　　　　　　　　　　　　　　　　　Tel No. 315-448-8400
　　　　　　　　　　　　　　　　　　　　Fax No. 315-448-8381
　　　　　　　　　　　　　　　　　　　　E-Mail: tlong@syr.gov